UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HENRY MOORE, JR. | * | CIVIL ACTION NO. 12-2688 |
| Plaintiff | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | |
| | * | MAGISTRATE: 3 |
| MURPHY OIL-USA, INC., ET AL | * | MAG. DANIEL E. KNOWLES, III |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER AND REASONS

The matter before the Court is a Motion to Remand filed by Henry Moore, Jr. (Doc. 5.)  For the following reasons, the Motion is GRANTED.

BACKGROUND

On October 18, 2012 Plaintiff filed suit in the Twenty-First Judicial District Court of Louisiana.  (Doc. 1-1.)  Plaintiff's petition alleges that on the evening of November 28, 2011 he was at a Murphy Oil-USA, Inc. ("Murphy Oil") store in Hammond, Louisiana when he tripped over a

merchandise display while exiting the store.  (*Id.* at ¶¶ 2-3.)  Plaintiff avers that he suffered "severe injuries" that resulted the following damages: past and future medical expenses, scarring and disfigurement, past and future lost wages and loss of earning capacity, past and future physical pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, and disability.  (*Id.* at ¶¶ 5, 7.)

On November 6, 2012 Murphy Oil removed the suit to this court.  (Doc. 1.)  Murphy Oil states that "given the extent of Plaintiff's alleged injuries and damages, it is facially apparent from the Petition for Damages that the amount in controversy exceeds $75,000.00, exclusive of interest and costs."  (*Id.* at ¶8.)  Additionally, Murphy Oil notes that Plaintiff did not allege "[t]hat the amount in controversy is less than the requisite amount for the exercise of federal jurisdiction, as is required by Louisiana Code of Civil Procedure Article 893."  (*Id.* at ¶9.)  Accordingly, Murphy Oil contends that this Court has diversity jurisdiction.  (*Id.* at ¶10.)

On November 19, 2012 Plaintiff filed a Motion to Remand.  (Doc. 5.)  Defendants Liberty Mutual Fire Insurance Company ("Liberty Mutual") and Murphy Oil opposed the Motion on November 27, 2012.  (Doc. 7.)  Plaintiff replied on December 5, 2012.  (Doc. 13.)  The Court took the Motion under submission on December 5, 2012.

**LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal

court has original jurisdiction over the action.  28 U.S.C.A. § 1441(a) (West 2012); *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 34 (2002).  The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).  When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."  *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).  Removal statutes should be strictly construed, and any doubt as to whether removal is appropriate should be resolved in favor of remand.  *Id.* (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

## LAW AND ANALYSIS

"District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states."  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing 42 U.S.C.A. § 1332(a)(1)).  It is uncontested that there is complete diversity between the parties.[1] Thus, the issue before the Court is whether the amount in controversy exceeded the sum of

---

[1]Murphy Oil is a Delaware corporation with its principal place of business in Arkansas. (Doc. 1 at ¶4.)  Liberty Mutual is a Massachusetts corporation with its principal place of business in Massachusetts.  (*Id.* at ¶5.)  Plaintiff Henry Moore, Jr. is a citizen and domiciliary of Louisiana.  (*Id.* at ¶3.)

$75,000.00, exclusive of interests and costs at the time of removal.

The Fifth Circuit has established that "because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia*, 233 F.3d at 882 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)); *see also* La. Code Civ. Proc. Ann. art. 893 (2012). "The jurisdictional facts that support removal must be judged at the time of the removal." *Id.* (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). The removing defendant may show that the amount in controversy exceeds $75,000 by showing that it is facially apparent that the plaintiff's claims likely exceed the jurisdictional amount or by setting forth summary judgment type evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount will not deprive the district court of jurisdiction. *Gebbia*, 233 F.3d at 882 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938). On the other hand, if the petition is ambiguous as to whether the injuries surpass $75,000 then post-removal affidavits may be considered. *Id.* (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559. 565 (5th Cir. 1993).

The Court must first assess whether the amount in controversy is apparent from the face

of Plaintiff's petition.  Defendants argue that it is, however the Court disagrees.  The petition cites that Plaintiff tripped over the display at the Murphy Oil convenience store and fell, thereby causing severe injuries.  (Doc. 1-1 at ¶5.)  The petition does not clarify what Plaintiff's specific injuries are. (*See* Doc. 1-1.)  Ultimately, the Court finds that the amount in controversy is not facially apparent.

The Court must now determine whether the Defendants have shown that the Plaintiff's claims likely exceed the jurisdictional amount by setting forth facts in controversy that support a finding of the requisite amount.  Defendants assert that court should examine the petition for the number and types of claims alleged by the plaintiff.  (Doc. 7 at 4) (citing *Thomas v. Pace*, No. 08-1574, 2008 WL 4091674, at *3 (E.D. La. Aug. 27, 2008)).  Defendants note that *Robinson v. Kmart Corp.* is on all fours with this matter as the *Robinson* plaintiff suffered a slip and fall and alleged many of the same injuries as the Plaintiff in the instant matter.  *See Robinson v. Kmart Corp.*, No. 11-12-RET-DLD, 2011 WL 2790192 (M.D. La. Apr. 28, 2011).

In *Robinson* the plaintiff suffered multiple herniated discs that may require surgery, cervical radiculopathy, cervical strain, cervical spondylosis, shoulder strain, and injuries to the plaintiff's head, shoulder and arm.  *Robinson*, 2011 WL 2790192 at *4.  The court found that it was more probable than not that Plaintiff's injuries and damages requests would "exceed the jurisdictional minimum required for removal."  *Id.*  Therefore, remand was denied.  *Id.*

Defendants allege that Plaintiff's medical records show that Plaintiff has injuries to his lumbar spine.  (Doc. 7 at 5.)  Defendants also note that Plaintiff indicated in pre-removal

correspondence that Plaintiff may be a surgical candidate, although he is not interested in surgery at this time.  (*Id.*)  Plaintiff's petition, however, does not reveal any of these facts.  Additionally, Defendants did not provide the Court with an affidavit or with the letter from Plaintiff's counsel to prove up these statements.  Defendants assertions are not evidence that this Court can consider.  Thus, this Court cannot determine whether or not the instant matter is similar to *Robinson* as the Court has no evidence by which to make that determination.  Accordingly, Defendants arguments do not alter the fact that the amount in controversy is still ambiguous.

In an effort to resolve this ambiguity, the Court will consider the irrevocable stipulation filed by Plaintiff.  *See Cleary v. Murphy Oil USA, Inc.*, No. Civ.A. 03-1718, 2003 WL 21977163, at *3 (E.D. La. Aug. 15, 2003) (citing *Gebbia*, 233 F.3d at 880) (When "[t]he amount in controversy [is] ambiguous at the time of removal, the Court may consider a stipulation regarding the amount in controversy.") The sworn affidavit of the Plaintiff states that the amount in controversy "[d]oes not exceed $75,000, exclusive of interest and costs; and that, in the event [Plaintiff] is ultimately awarded an amount in excess of $75,000, exclusive of interest and costs, [Plaintiff] will not attempt to execute the judgment to the extent that it exceeds $75,000, exclusive of interests and costs." (Doc. 13-1.)  As a result of Plaintiff's affidavit, the Court finds that the Plaintiff has established, as a matter of law, that he is precluded from recovering damages greater than $75,000.  *See Mouton v. Meritplan Ins. Co.*, No. 10-1643, 2010 WL 2978495, at *3 (E.D. La. July 20, 2010) (internal citations omitted); *see also Arnold v. State Farm Fire and Cas. Co.*, 277 F.3d 772, 775 n. 3 (5th Cir.

2001).  The Court also finds that this stipulation is not a post-removal tactic designed to strip this court of jurisdiction, but merely a clarification of Plaintiff's claims.  *See Id.*

In the end, the Court finds that Plaintiff's irrevocable stipulation has clarified the ambiguity of the original petition.  Due to the fact that Defendants have not met their burden and because Plaintiff has demonstrated with legal certainty that the amount in controversy is less than $75,000, this Court finds that remand is proper.


## CONCLUSION

For the foregoing reasons Plaintiff's Motion for Remand is GRANTED.


New Orleans, Louisiana this 17th day of December, 2012.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**